UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEOPOLYMER SINKHOLE
SPECIALIST, INC., and YD WEST
COAST HOMES INC.,

    Plaintiffs,

v.                                                  Case No: 8:15-cv-01690-CEH-JSS

URETEK WORLDWIDE OY, and
POWERPILE PRODUCTS OY,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendants' Motion for Protective Order and to Stay Pending Resolution of Motion to Dismiss in Favor of Arbitration (Dkt. 34) ("Motion to Stay"). Defendants filed a Motion to Dismiss Second Amended Complaint requesting that the case be dismissed in favor of arbitration ("Motion to Dismiss"). (Dkt. 32.) Defendants concurrently filed the Motion to Stay, seeking to stay all discovery and other proceedings in the case pending resolution of the Motion to Dismiss, which Plaintiffs opposed. (Dkt. 34, 37.) Subsequently, the parties jointly filed a stipulation stating that Plaintiffs no longer oppose the Motion to Stay. (Dkt. 55.)

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). A court may stay

discovery pending resolution of a motion to compel arbitration.  *See, e.g., Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011); *O.N. Equity Sales Co. v. Merkel*, No. 2:07-cv-531-FtM-29DNF, 2008 WL 380573, at *1 (M.D. Fla. Feb. 11, 2008).  Such a stay may be warranted because "participation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate."  *Harrell's*, 2011 WL 1596007, at *2.  Additionally, permitting discovery to proceed in a case that may be subject to arbitration could "frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion."  *Niven v. Dean Witter Reynolds, Inc.*, No. 84-1594, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985).

In light of the foregoing, the Court finds that Defendants have demonstrated good cause and reasonableness for a stay of discovery in this matter pending resolution of the Motion to Dismiss in favor of arbitration.  The parties shall not be required to provide responses to any pending or future discovery requests until after disposition of the Motion to Dismiss.  For all pending discovery requests, the parties shall serve responses no later than thirty days after the date of the Court's order on the Motion to Dismiss, if responses are not mooted by that order.

Accordingly, it is **ORDERED** that Defendants' Motion for Protective Order and to Stay Pending Resolution of Motion to Dismiss in Favor of Arbitration (Dkt. 34) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on February 3, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 3 -

Copies furnished to:
Counsel of Record